UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-61824-CIV-ALTONAGA/O'Sullivan

WILLIAM LEE WARNER,

    Plaintiff,

vs.

CONDOTTE AMERICA, INC.,

    Defendant.
_____/

**DEFENDANT, CONDOTTE AMERICA, INC'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND FOR A MORE DEFINITE
STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Condotte America, Inc. ("Condotte" or "Defendant"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), files this Motion to Dismiss Plaintiff, William Lee Warner ("Warner" or "Plaintiff")'s Complaint [D.E. 1] and For a More Definite Statement and incorporated memorandum of law. In support thereof, Defendant states as follows:

### I.    INTRODUCTION

1.    Plaintiff alleges that Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq. because Defendant "engaged in commerce in the field of construction projects, with constrction (sic) projects in Florida, Georgia, South Carolina, Virginia, Maryland, Delaware and other areas, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more." [D.E. 1 at ¶ 3].

2.      Plaintiff alleges Defendant violated the Fair Labor Standards Act ("FLSA") because "Defendant intentionally did not pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week"; "Defendant intentionally did not pay Plaintiff the full and proper minimum wages for all hours worked each week"; and "Defendant knowingly and willfully refused to pay Plaintiff his legally-entitled wages." [D.E. 1 at ¶¶ 5, 6, 8].[1]

3.      Defendant moves to dismiss Plaintiff's Complaint on the grounds that it is nothing more than a formulaic recitation of the elements of a cause of action and is based solely on legal conclusions. Specifically, Plaintiff fails to plead any ultimate facts which establish the threshold to state a claim under the FLSA. Instead, Plaintiff improperly pleads a series of legal conclusions which, taken as a whole, do not satisfy the pleading standard applied in the Eleventh Circuit.

4.      This Court should grant Defendant's Motion because of Plaintiff's failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); further, in the event this Court allows Plaintiff to re-plead, this Court should also grant Defendant's Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) because Plaintiff's allegations are so vague and ambiguous that Defendant cannot frame a responsive pleading.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,'" . . . it demands more than

---

[1] Plaintiff attaches as Exhibit A to his Complaint a Statement of Claim summarizing his alleged hours worked and the amount of damages to which he alleges he is entitled. [D.E. 1-3].

CASE NO.: 16-61824-CIV-ALTONAGA/O'Sullivan

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

In *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009), the Eleventh Circuit articulated the standard for a motion to dismiss under *Twombly* and its progeny, and stated that in evaluating the sufficiency of a plaintiff's pleading, the court may make reasonable inferences in the plaintiff's favor but is not required to draw the plaintiff's inferences. *See id.* at 1260 (internal citation omitted). As such, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Here, Plaintiff's allegations are conclusory and devoid of any facts sufficient to state a claim for relief under the FLSA.

### III. MEMORANDUM OF LAW

#### A. Failure to State a Cause of Action

Plaintiff's Complaint should be dismissed as it fails to meet the exacting requirements of *Twombly* and its progeny.

   **a. Plaintiff fails to plead either enterprise or individual coverage with any specificity.**

"The FLSA requires an employer to pay an employee overtime compensation for any hours worked in excess of forty in a given workweek, if that employee is engaged in commerce[2] or in the production of goods for commerce [individual coverage], or is employed in an enterprise engaged in commerce or in the production of goods for commerce [enterprise coverage]." *Scott v. K.W. Max Investments, Inc.*, 256 Fed. Appx. 244, 247 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)). "Accordingly, an employee bringing a claim for unpaid overtime compensation must establish either individual or enterprise coverage." *Id*. (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-1266 (11th Cir. 2006)). Enterprise or individual coverage is a threshold element of Plaintiff's FLSA claim, for which he bears the burden of pleading and proof. *See Attai v. Delivery Dudes, LLC*, 2016 Wage & Hour Cas. 2d (BNA) 65626 (S.D. Fla. 2016) (noting that a "threadbare recitation lacking factual enhancement" of individual coverage is insufficient to survive a Motion to Dismiss under *Iqbal*); *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1366 (S.D. Fla. 2008) (characterizing individual or enterprise coverage as an "essential element" necessary to invoke FLSA relief); *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1292 n. 25 (M.D. Fla. 2005) ("[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce.") (internal citations omitted).

"An employee may show his employer is subject to the FLSA by way of enterprise coverage if he demonstrates that the employer is an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling,

---

[2] "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. 29 U.S.C. § 203(b).

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an (2) "annual gross volume of sales made or business done [of] not less than $500,000." *Scott v. K.W. Max Investments, Inc.*, 256 Fed. Appx. 244, 247 (11th Cir. 2007) (citing 29 U.S.C. § 203(s)(1)(A)) (holding that "an enterprise ... will be considered to have employees ... handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, if during the annual period which it uses in calculating its annual sales for purposes of the other conditions of these sections, it *regularly* and *recurrently* has at least two or more employees engaged in such activities[,] ... [but i]t is plain that an enterprise that has employees engaged in such activities only in *isolated* or *sporadic* occasions, will not meet this condition." *Scott v. K.W. Max Investments, Inc.*, 256 Fed. Appx. 244, 248 (11th Cir. 2007). "For individual coverage to apply under FLSA, [the employee] must have provided evidence at trial that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)) (holding that indirect or sporadic involvement in commerce is insufficient); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011).

In this case, Plaintiff only attempts to plead enterprise coverage, and fails to do so with the required specificity. The sole relevant allegation in Plaintiff's Complaint reads as follows:

> At all times material hereto, Defendant, CONDOTTE AMERICA INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of construction projects, with constrction (sic) projects in Florida, Georgia, South Carolina, Virginia, Maryland, Delaware and other areas, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

[D.E. 1 at ¶ 3].

CASE NO.: 16-61824-CIV-ALTONAGA/O'Sullivan

Although Plaintiff pleads that Defendant (the **employer**) "had constrction (sic) projects in Florida, Georgia, South Carolina, Virginia, Maryland, Delaware and other areas" and that it "engaged along with its employees in interstate commerce," Plaintiff fails to allege a single fact demonstrating how Defendant's **employees** (rather than Defendant) engaged in interstate commerce. Such a bare allegation of enterprise or individual coverage made by Plaintiff is insufficient to support an FLSA claim under *Twombly* and its progeny. *See e.g.*, *Brown v. Luna Dev. Corp.*, 104 F. Supp. 3d 1376, 1378 (S.D. Fla. 2015) (Court will not "infer that because Defendants engaged in the field of land development and construction, its employees must have handled goods or materials that have been moved in interstate-commerce"); *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365 (S.D. Fla. 2011); *Perez v. Muab, Inc.*, 10-62441-CIV-COHN, 2011 WL 845818 (S.D. Fla. 2011). In the absence of specific allegations demonstrating how Defendant's employees engaged in interstate commerce, Plaintiff's Complaint should be dismissed. In the event this Court allows Plaintiff to re-plead, Plaintiff should be required to amend his Complaint to provide a more definite statement of his claims.

**b. Plaintiff fails to plead how Defendant violated the FLSA with any specificity.**

"To claim a violation of the FLSA, Plaintiff must allege, for example, that he was required to work 'off the clock,'[3] to work during lunch breaks,[4] to work after he had 'clocked out,'[5] to 'show up earlier than their regular set schedule,'[6] or that Defendants 'manipulate[ed] the

---

[3] *Ealy–Simon v. Liberty Med. Supply Inc.,* WL 7773834, at *2 (S.D.Fla. Feb. 12, 2007).
[4] *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC,* 2010 WL 384746, at *2 (S.D.Fla. Jan. 27, 2010).
[5] *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC,* 2010 WL 384746, at *2 (S.D.Fla. Jan. 27, 2010).
[6] *Gonzalez v. Winn–Dixie Stores, Inc.,* 2014 WL 4665468, at *1 (S.D.Fla. Sept. 18, 2014).

[schedule] system.'[7] *Brown v. Luna Dev. Corp.*, 104 F. Supp. 3d 1376, 1378 (S.D. Fla. 2015). "An allegation that Defendants failed to pay overtime wages [alone] is insufficient to withstand a motion to dismiss." *Id*.

In this case, Plaintiff fails to plead with any specificity how Defendant violated the FLSA, alleging only that "Defendant intentionally did not pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week"; "Defendant intentionally did not pay Plaintiff the full and proper minimum wages for all hours worked each week"; and "Defendant knowingly and willfully refused to pay Plaintiff his legally-entitled wages." [D.E. 1 at ¶¶ 5, 6, 8]. Such conclusory allegations are insufficient to survive a Motion to Dismiss under *Twombly* and its related progeny, however, and are so vague and ambiguous that Defendant cannot reasonably frame a responsive pleading thereto. Therefore, in the absence of specific allegations demonstrating how Defendant violated the FLSA (as in the examples provided above), Plaintiff's Complaint should be dismissed. In the event this Court allows Plaintiff to re-plead, Plaintiff should be required to amend his Complaint to provide a more definite statement of his claims.

## IV.   CONCLUSION

As the foregoing demonstrates, Plaintiff cannot survive a motion to dismiss regarding his claim for unpaid minimum and overtime wages under the FLSA. Plaintiff's Complaint rests on conclusions for formulaic recitations of elements of a FLSA claim, but it does not contain facts which demonstrate plausibility of a successful claim. Accordingly, Defendant respectfully requests that this Court enter an order (1) dismissing Plaintiff's Complaint for failure to state a

---

[7] *Mathis v. Darden Restaurants,* No. 12–61742–CIV, 2014 WL 4428171, at *1 (S.D.Fla. Sept. 1, 2014).

CASE NO.: 16-61824-CIV-ALTONAGA/O'Sullivan

claim under Federal Rule of Civil Procedure 12(b)(6); and in the event this Court allows Plaintiff to re-plead, (2) requiring Plaintiff to amend his Complaint to provide a more definite statement of his claims; and (3) for such other a further relief that this Court deems just and proper.

Respectfully submitted,

*/s/  Alejandro Espino*
Alejandro Espino, BCS
Florida Bar No. 114431
Timothy D. Corwin
Florida Bar No. 68532
Taylor Espino Vega & Touron, P.A.
55 Merrick Way, Suite 406
Coral Gables, Florida 33134
Telephone: (305) 441-9355
Telefacsimile: (305) 441-0051
AEspino@tevtlaw.com
TCorwin@tevtlaw.com

*Attorneys for Condotte America, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of August 2016, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that this document is being served this day on **Elliot Kozolchyk, Esq.**, Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316 via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *  /s/  Alejandro Espino*
Alejandro Espino, BCS
Florida Bar No. 114431
Timothy D. Corwin
Florida Bar No. 68532
Taylor Espino Vega & Touron, P.A.
55 Merrick Way, Suite 406
Coral Gables, Florida 33134
Telephone: (305) 441-9355
Telefacsimile: (305) 441-0051
AEspino@tevtlaw.com
TCorwin@tevtlaw.com

*Attorneys for Condotte America, Inc.*